## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | | |
|---|---|---|
| PAMELA CHARLESTON, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| NANCY A. BERRYHILL, Acting | * | No. 4:17cv00163-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

### MEMORANDUM AND ORDER

Plaintiff, Pamela Charleston, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income and disability insurance benefits. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

Plaintiff argues, *inter alia*, that this case should be remanded because the ALJ failed to fully and fairly develop the record regarding her mental limitations. (Doc. No. 13 at 11-13.) After careful review of the record and pleadings, I agree with Plaintiff and find the case should be remanded for further development of the record.

Plaintiff has had longstanding issues resulting from her mental illness. She has been hospitalized three times, has undergone outpatient treatment for years, and is prescribed psychotropic medications. The ALJ determined she has "severe" mental impairments in the form of major depressive disorder, generalized anxiety disorder, obsessive compulsive disorder, intermittent explosive disorder, bipolar anxiety, and social phobia. (Tr. 22.) Plaintiff was most recently diagnosed on Axis I with social phobia and major depressive disorder. (Tr. 697.) And the ALJ correctly stated, "In addition to physical impairments, the record reflects a very extensive history of mental health impairments." (Tr. 26.) Nevertheless, the ALJ concluded Plaintiff was not disabled - based largely on her history of noncompliance with treatment and taking her medications. (Tr. 20-31.) The record supports the ALJ's determination in this regard, and failure to follow a prescribed course of remedial treatment without good cause is grounds for denying an application for benefits. *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *Johnson v. Bowen*, 866 F.2d 274, 275 (8th Cir. 1989).

However, there is additional evidence that should have been evaluated regarding Plaintiff's failure to follow through with her treatment. For example, the Commissioner correctly notes that Plaintiff "testified that medication helped her anxiety and depression." (Doc. No. 14 at 6.) Yet, Plaintiff described the effects of her medications as, "It's just like I'm like jazzy, like in a dazed state all day." (Tr. 48.) The Commissioner also reports that Plaintiff told her doctor she was "doing pretty well on [her] meds." (Doc. No. 14 at 6.) But Plaintiff went on to tell her doctor, "I

am feeling much better, but I cry for no reason, since the surgery. I got evicted from my apartment and went to jail for public intox and disorderly conduct. I got into it with some women for fighting with my daughter, and there was a big uproar. . . ." (Tr. 673.) Based on her full statement, it is not clear whether or not the medications were truly helping Plaintiff. Furthermore, while the Commissioner points out Plaintiff left treatment with Living Hope in August 2015 against medical advice, treatment notes report, "The client was unsatisfied with her care and specifically thought that she should be receiving anxiety medication." (Tr. 698.) Accordingly, I find the ALJ's decision is not supported by substantial evidence because the record leaves unanswered critical questions about why Plaintiff was noncompliant with her prescribed treatment.

I find this case to be a close call because the ALJ has cited some valid reasons to discount Plaintiff's allegations. But medical questions remain about the overall impact of Plaintiff's mental illness, namely its impact on her ability to follow a recommended course of treatment. Therefore, this case should be remanded to the Commissioner for further development of the record. On remand, the Commissioner should obtain an evaluation of Plaintiff's mental residual functional capacity and the impact of her illness on her ability to follow a recommended course of mental health treatment.

THEREFORE, this matter is REVERSED and REMANDED for action consistent with this opinion and all pending motions are rendered moot. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405 (g).

IT IS SO ORDERED this 16th day of October, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE